IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALBERT GOLDTOOTH, #89049-008** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Case No.  12-cv-246-MJR |
| | ) |
| **DAVID SZOKE, M. WINKLEMEYER, S. JULIAN, and F. CASTILLO,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Albert Goldtooth, an inmate at USP-Marion, filed this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Goldtooth challenges the conditions of his confinement, alleging facts suggesting that he received ineffective treatment for physical ailments causing continuous and severe pain. Goldtooth sues the defendants in their individual and official capacities, seeking declaratory, monetary, and prospective injunctive relief.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court applies the same standard under § 1915A as when deciding a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment, which includes a display of deliberate

indifference to objectively severe medical conditions. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Medical personnel may exhibit deliberate indifference by persistently resorting to an easy course of treatment known to be ineffective. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). Accepting Goldtooth's allegations as true and drawing inferences in his favor, the Court finds that he has articulated two plausible federal claims for relief:

> **Count 1**: Against defendants Szoke and Castillo in their individual capacities for knowingly providing ineffective treatment for serious medical conditions causing persistent and severe pain.
>
> **Count 2**: Against defendants Szoke and Castillo in their official capacities for prospective injunctive relief in the form of a medical treatment plan designed to alleviate pain.

The Court has considered Goldtooth's allegations against defendant M. Winklemeyer, the health services administrator, and S. Julian, an associate warden. These allegations do not reasonably suggest that Winklemeyer or Julian participated in a Constitutional deprivation by making or condoning decisions to provide ineffective treatment for persistent and severe pain. Accordingly, claims against defendants Winklemeyer and Julian are DISMISSED without prejudice.

**Disposition**

The Clerk of Court is **DIRECTED** to complete, on plaintiff's behalf, a summons and form USM-285 for service of process on defendants David Szoke and F. Castillo; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve defendants Szoke and Castillo pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United

States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. *See* **28 U.S.C. § 1915(f)(2)(A)**.

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**SO ORDERED: August 10, 2012.**

                                          s/ MICHAEL J. REAGAN
                                          **MICHAEL J. REAGAN**
                                          **UNITED STATES DISTRICT JUDGE**