IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT GOLDTOOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-246-MJR-SCW |
| | ) |
| DAVID SZOKE and F. CASTILLO, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This case is before the Court on a Motion to Partially Dismiss Complaint for Failure to Exhaust Administrative Remedies (Doc. 37) filed by Defendants Szoke and Castillo. The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** Defendants' Motion to Partially Dismiss Complaint (Doc. 37). It is also **RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 38) be **GRANTED**.

### II. Findings of Fact

On March 20, 2012, Plaintiff Goldtooth filed this civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents*, **403 U.S. 388 (1971)** for ineffective treatment he received while an inmate at USP-Marion (Docs. 1 and 8). Specifically, Plaintiff alleges that Defendants Szoke and Castillo were deliberately indifferent in treating physical

\

ailments which caused him continuous and severe pain (Doc. 8). Plaintiff's Complaint alleges that since he has arrived at USP-Marion he has experienced severe and continuous pain in his testicles, left side of the abdomen, and left leg/thigh (Doc. 1).

In response to Plaintiff's Complaint, Defendants Szoke and Castillo filed a motion to dismiss for failure to exhaust administrative remedies. Defendants argue that while Plaintiff filed an inform resolution listing pain related to a hernia and his left hip, groin, and back, his subsequent formal requests for administrative remedy only indicated he had pain in his left testicle and left hip (Doc. 37). Defendants argue that Plaintiff has failed to exhaust his administrative remedies as to his back, abdomen, left leg, or thigh because his formal administrative complaints only raised issues with his left hip and testicle. Plaintiff has filed a Response (Doc. 39) arguing that the claims regarding the pain in his back, leg/thigh, and abdomen were also exhausted because they were related to his claims regarding pain in his left testicle and hip. Defendants have filed a Reply (Doc. 44). As resolution of Defendants' motion does not rest on factual disputes, the Court finds that a *Pavey* hearing is not needed in this case.

### III. Conclusions of Law

Although labeled a motion to dismiss, as Defendants seek dismissal for failure to exhaust, the undersigned finds that Defendants' motion is best construed as one for summary judgment. As such, the Court will treat the motion as a summary judgment motion. Summary Judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." ***Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010).**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). **42 U.S.C. §1997e(a).** That statute states, in pertinent part, that "no action

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* **(emphasis added).** The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion").** Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, **286 F.3d 1022, 1025 (7th Cir. 2005).** Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole,* **438 F.3d at 809.**

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, **544 F.3d 739, 740-41(7th Cir. 2008).** Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3)If and when the judge determines that the prisoner has properly exhausted his administrative

>remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* **at 742.** Although the court in *Pavey* included a hearing as one of the steps in determining whether the plaintiff had satisfied the exhaustion requirement, "there is no reason to conduct an evidentiary hearing" in a "situation [where] there are no disputed facts regarding exhaustion, only a legal question." *Doss v. Gilkey*, **649 F.Supp.2d 905, 912 (S.D.Ill. 2009) (Gilbert, Phil J.).**

A. Exhaustion Requirements in Federal Prisons

The detailed administrative remedy procedure for federal BOP inmates is set forth in **28 C.F.R. §§ 542.10-18**. *See Kaba v. Stepp*, **458 F.3d 678, 681-81 (7th Cir. 2006).** An inmate must first attempt to resolve his complaint informally. **28 C.F.R. § 542.13.** At USP Marion, the informal complaint is lodged on a "BP-8" form. Should the informal complaint fail, the inmate has 20 days from the complained-of event to file a formal Administrative Remedy Request to the warden on a "BP-9" form. **28 C.F.R. § 542.14(a).** If not satisfied with the Warden's response, the inmate may file (on a "BP-10" form) a written appeal to the BOP's Regional Director "within 20 calendar days of the date the Warden signed" the BP-9 response. **28 C.F.R. § 542.15(a).** Finally, if still unsatisfied, the inmate may – within 30 days of the Regional Director's response – file (on a "BP-11") an appeal to the BOP's General Counsel. **28 C.F.R. § 541.15(a).** "Appeal to the General Counsel is the final administrative appeal." **28 C.F.R. § 541.15(a).**

B. Analysis

Defendants argue that Plaintiff has failed to exhaust his administrative remedies because he did not specifically grieve treatment for his back, leg, thigh, or abdominal pain. Plaintiff's Informal Resolution form he submitted at USP-Marion indicates that he suffers from groin and left

hip pain, as well as pain in his left testicle and back (Doc. 37 Ex. B). Plaintiff's subsequent formal requests for administrative remedies only discuss pain in his left testicle, hip, and lower back (Doc. 38 Ex. B at pp. 5, 7, & 9). Defendants argue that Plaintiff failed to exhaust as to his leg, thigh, and abdomen pain as he did not include those complaints in his requests for administrative remedies.

Plaintiff, however, argues that he successfully fulfilled his exhaustion requirements because the pain in his left leg, thigh, and abdomen was related to the pain in his left testicle, hip, and back. Plaintiff seeks to distinguish his case from the cases Defendants use to argue that Plaintiff must specifically state each injury in order to exhaust his administrative remedies. Defendants had cited to the Seventh Circuit case of **Almond v. Pollard, 443 Fed.Appx. 198, 2011 WL 4101460 (7th Cir. 2011)** to support their position. In *Almond*, the Seventh Circuit noted that the prisoner had failed to exhaust his administrative remedies as to a complaint of small bowel ileus when he only grieved back pain and had not attempted to establish that the ileus was related to his back pain. **Almond, 2011 Wl 4101460, at \*4.** Here, Plaintiff argues that his case is distinguishable from *Almond* in that the pain he suffered on his left side of his body, including his back, left testicle, groin, hip, and leg were all related. Plaintiff points out that Defendants themselves attributed all of his pain to one issue, a condition in his L5/S1 region of his lower back. Both Defendants' examinations of Plaintiff concluded that all of his pain, including pain in his left leg, hip, thigh, and abdomen were related to the condition in Plaintiff's back. Thus, when Plaintiff grieved his testicle, hip, and back pain, the other pains were encompassed in his grievance as the pain was related.

Defendants respond that Plaintiff is required under BOP regulations to grieve his specific issue and thus must reference in the grievance all of his injuries. Defendants argue that Plaintiff only addressed his back and leg pain in his informal request and did not continue to grieve those issues in his formal request for administrative remedies. Defendants also argue that *Almond* is

only relevant as an example of when an inmate may not proceed on unexhausted issues. Defendants argue that *Almond*'s discussion of "related" injuries should not be applied to this case because *Almond* analyzed exhaustion requirements as to state prisons and not the BOP.

However, the Court finds that Plaintiff has adequately distinguished his case from that presented in *Almond*. Here, unlike in *Almond* which presented totally unrelated medical conditions, Plaintiff's pain in his left side of his body is all related to a condition associated with his back. Plaintiff need not show that his conditions are related as Defendants themselves have pointed out in numerous places in the medical records that they believe his conditions are related. Defendant Szoka noted in his treatment of Plaintiff on August 29, 2011 that Plaintiff suffered from pain in his hip, knee, and lower back. Szoka's report suggests that the pain is related to a condition with his L5/S1 (Doc. 39 at p. 12). Another report from Szoka on November 29, 2012 indicates that pain Plaintiff suffers in his testicles and abdomen is referred pain from his back (Doc. 39 at pp. 15-16). Another report on February 4, 2013, which originated from an appointment with PA Leslee Duncan, indicates that pain Plaintiff suffers in his abdomen, groin, hip, and thigh is pain that is radiating from his lower spine (*Id.* at pp. 17-18). As Plaintiff points out, the medical records of Szoke and Duncan show that they believe Plaintiff's pains in various parts of his left side of his body are related and originate from Plaintiff's back.

Defendants argue that *Almond*'s suggestion that related conditions do not have to be separately exhausted should not be extended to this case because *Almond* analyzed the administrative exhaustion requirements in state prisons. However, Defendants have failed to show how state exhaustion requirements are so different from BOP requirements as to make "related conditions" inapplicable. As Defendants point out the BOP requires that inmates "state specifically the reason for appeal." Nothing requires that inmates list every location of their pain, particularly when it is

related to another pain already listed. While Defendants argue that Plaintiff did not grieve his back pain, Plaintiff's BP-9 formal form specifically stated that Plaintiff suffered from lower back pain and that he originally only suffered from pain in his left testicle and hip. Nothing in the BOP regulations suggests that Plaintiff must also mention that his back pain causes pain in his leg, thigh, and abdomen. Further, Defendants have acknowledged in the medical records that Plaintiff's various pains are referred pain from his back. Thus, by grieving pain his back, the BOP were also on notice that Plaintiff was suffering other associated pains as the medical records make clear that his various pains stem from the pain in his back. The BOP were on notice and had a fair opportunity to address Plaintiff's pain in the left-side of his body, thus the purpose of exhaustion has been met and the undersigned finds that Plaintiff has properly exhausted his available remedies. *See Maddox v. Love*, **655 F.3d 709, 722 (7th Cir. 2011);** *Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006).** Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Defendants' motion for summary judgment on the basis of exhaustion.

C.     Motion to Amend Complaint

Plaintiff has also filed a motion to amend his complaint (Doc. 38) in order to add Leslee Duncan as a Defendant and include claims of back pain. Defendants opposed the motion because of their pending motion for summary judgment on the issues of exhaustion (Doc. 43). Defendants argued that because Plaintiff had not exhausted his administrative remedies as his abdomen, leg, back, and thigh, he should not be allowed to amend his Complaint to add claims related to those medical conditions. However, should the Court choose to adopt the findings and recommendations in this Report and find that Plaintiff has exhausted his administrative remedies as to these conditions, the undersigned **RECOMMENDS** that the Court also **GRANT** Plaintiff's motion to amend his Complaint as he has presented viable claims that have been properly been exhausted.

Further, the District Court upon granting Plaintiff leave to file his amended Complaint should **DIRECT** the clerk's office to, once the Amended Complaint has been filed, to prepare a waiver of summons for Leslee Duncan and to mail the proper forms to Duncan.

## IV. Conclusion

Accordingly, it is **RECOMMENDED** that the Court **FIND** that Plaintiff has exhausted his administrative remedies as to all of his alleged medical conditions and DENY Defendants' partial motion for summary judgment (Doc. 37). Should the Court **ADOPT** this Report and Recommendation it is also **RECOMMENDED** that the Court **GRANT** Plaintiff's motion to amend his Complaint (Doc. 38).

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **December 5, 2013**.

**IT IS SO ORDERED**.
DATED: November 18, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge