IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT GOLDTOOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–0246–MJR–SCW |
| | ) |
| DAVID SZOKE and F. CASTILLO | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

In this *Bivens* action, *pro se* Plaintiff Albert Goldtooth (an inmate at the United States Penitentiary in Marion, Illinois) sued Defendants for violating his Eighth Amendment rights via deliberate indifference to severe and continuous pain in his testicles, left leg, and the left side of his abdomen.[1] Defendants moved for partial summary judgment on a theory that Goldtooth had not, as required by the Prison Litigation Reform Act ("PLRA," 42 U.S.C. § 1997e(a)), fully exhausted his administrative remedies before filing the instant lawsuit.

The motion was referred to Magistrate Judge Stephen C. Williams, who in a Report and Recommendation ("R&R") dated November 18, 2013, recommended denying Defendants' motion and granting Plaintiff leave to amend the Complaint. For the reasons explained below, the undersigned district judge, after *de novo* review of the objected-to portions of Judge Williams' R&R and a full review of the record, **ADOPTS** (**Doc. 47**) the R&R in full, **DENIES** (**Doc. 37**) Defendants' motion for partial dismissal, and **GRANTS** (**Doc. 38**) Plaintiff's motion for leave to amend.

---

[1] In a Motion for Leave to File an Amended Complaint, Goldtooth now seeks to add claims regarding thigh and back pain. As discussed below, the Court grants leave to amend.

1

## BACKGROUND

Defendants cede Plaintiff fully exhausted his administrative remedies regarding his hip and testicle pain. But insofar as Plaintiff now seeks relief for deliberate indifference to his lower back problems, Defendants maintain that his grievances (and subsequent administrative appeals) did not suffice to exhaust Plaintiff's administrative remedies pertaining to those claims.

Plaintiff filed an "informal resolution" form on July 26, 2011. At that time, he grieved, he had experienced hernia-like symptoms (including hip, testicle, and groin pain) for over five months. (Doc. 39-1, 1). Plaintiff received no relief from the July 26 request, and followed up with a formal request in early August 2011. (Doc. 39-1). That formal request includes the following information:

> Beginning with Feb. 2 … up until July 27, 2011, I have been complaining about severe pain in my left testicle and left hip. I have been given medication that does not work to any relief benefit. Then I have been referred for outside consultation, but that had been deferred for some reason. Now I have substantial pain in the lower back. The outside [referral] is allegedly to be scheduled for a later date, but those scheduling practices amount to no preventative measure or if in fact there is a scheduling. I am in constant pain and I do believe that at the present time, I am being subjected to needless and unwanting suffering. I am requesting proper medical care from an outside resource.

(Doc. 39-1, 3). The warden denied Plaintiff's formal grievance, so he appealed to the Bureau of Prisons (BOP) Regional Director. (Doc. 39-1, 5–6). Plaintiff did not specifically mention his back pain to the Regional Director, but in denying the appeal the Director relied in part on an August 29 clinical examination of Plaintiff's back—an examination which suggested back problems. (Doc. 39-1, 6). Plaintiff took the final step (appealing his grievance to the national level) in September 2011, and while his appeal was again denied, the BOP national office noted that lumbar spine x-rays revealed severe degenerative disc disease ("DDD"). (Doc. 39-1, 8).

The record contains several medical notes connecting Plaintiff's back problems to his hip, testicle, and groin pain. One examination revealed (1) a "spinal problem issue," (2) that Defendant

suspected "that [Plaintiff's] complaint is related to DDD," and (3) that Plaintiff's condition was "not associated with testicles," but rather "strongly suggestive of referred pain from axial skeleton"—in other words, a back problem manifesting itself as pain in Plaintiff's testicle, hip, and groin. (Doc. 39-1, 15–16).

## LEGAL STANDARDS

1. **De Novo** *Review*

When a party makes a specific objection to a magistrate judge's R&R, the district court must conduct *de novo* review of the portions of the R&R to which objection is made. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SDIL–LR 73.1(b).** A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." **28 U.S.C. § 636(b)(1).**

2. **PLRA's Exhaustion Requirement and BOP Grievance Process**

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought [under federal law] with respect to prison conditions … by a prisoner…until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a)**. Under the PLRA, exhaustion of administrative remedies is mandatory: unexhausted claims cannot be brought in court. *Jones v. Bock,* **549 U.S. 199, 211 (2007).** The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. *Pavey v. Conley*, **544 F.3d 739, 742 (7th Cir. 2008).** The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates follow all grievance rules established by the correctional authority. *Dole v. Chandler,* **438 F.3d 804, 809 (7th Cir. 2006).**

The relevant grievance rules in this case are Bureau of Prisons' ("BOP's") Administrative Remedy Program, which can be found at 28 C.F.R. §§ 542.10–18. *See Kaba v. Stepp*, **458 F.3d 678, 681–82 (7th Cir. 2006).** An inmate must take his grievance to the following levels (generally

3

using the following forms): an informal complaint at the institution (on a BP-8), a formal request to the warden (on a BP-9), an appeal to the BOP's Regional Director (on a BP-10), then an appeal to the BOP's General Counsel (on a BP-11). *See* **28 C.F.R. §§ 542.14(a)–15(a).** An inmate's BP-9 form must contain "a single complaint or a reasonable number of closely related issues on the form," **28 C.F.R. § 542.14(c)(2),** and subsequent appeals "shall state specifically the reason for appeal," **28 C.F.R. § 542.15(b)(1).** Though various deadlines establish whether a prisoner's successive grievances are timely, those deadlines are not at issue here: Defendants challenge only whether the contents of Plaintiff's grievances suffice to satisfy the PLRA's exhaustion requirement.

A prisoner must, of course, "file complaints and appeals in the place, and at the time, the prison's rules require." *Pozo v. McCaughtry,* **268 F.3d 1022, 1025 (7th Cir. 2002).** But precedent does not require perfect congruence between a prisoner's grievance and his federal court complaint, only that prison officials are alerted to a perceived problem and invited to take corrective action. *Conyers v. Abitz*, **416 F.3d 580, 584 (7th Cir. 2005).** *See also Jones v. Bock*, **549 U.S. 199, 219 (2007) (providing early notice to those who might later be sued is not one of the leading purposes of the PLRA's exhaustion requirement).** The purpose of exhaustion, after all, is to alert the state to the prisoner's problem and to invite corrective action. *Turley v. Rednour*, **729 F.3d 645, 649–50 (7th Cir. 2013);** *Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006).** When that purpose has been met, the prisoner has properly exhausted his remedies. *Kaba*, **458 F.3d at 684.** Courts construe the contents of an inmate's grievance generously. *Riccardo v. Rausch*, **375 F.3d 521, 524 (7th Cir. 2004).**

ANALYSIS

Defendants' objection to Judge Williams' R&R stems from disagreement as to the scope of a 2011 Seventh Circuit decision, *Almond v. Pollard*, 443 F. App'x 198 (7th Cir. 2011). In that case, a prisoner who had complained about low back pain (for which he had sued) received an X-ray that

4

showed no back problems, but did reveal a tiny amount of air in his bowels (an "ileus"). The prisoner—who had accumulated three strikes pursuant to 28 U.S.C. § 1915(g) and had been allowed to sue only because one judge found his back-related complaints passed the "imminent danger" test[2]—immediately moved for injunctive relief relating to the newly discovered ileus. The Seventh Circuit affirmed summary judgment due to insufficiency of the evidence regarding Almond's back pain, and held Almond had not exhausted any claims about the ileus (which, the Court of Appeals noted, Almond never claimed was related to his back pain). *Almond*, **443 F. App'x at 202.** According to Defendants, Plaintiff's position here "expand[s] the exhaustion framework" by establishing a rule that "ailments not mentioned in … administrative remedies should still be deemed exhausted so long as they are somehow 'related to' a separate ailment" that was grieved.

Aside from extrapolating an overbroad rule from the very specific facts of this case, Defendants' reading of the Magistrate's R&R overemphasizes the "related to" language, and underemphasizes the connection between the symptoms about which Plaintiff grieved and the root cause of those symptoms. Judge Williams correctly observed that Plaintiff's case is distinguishable from *Almond*. Where the *Almond* plaintiff brought one exhausted issue (his back) and a separate, unexhausted one (his ileus—which the Court notes was an apparently *de minimus* condition used by a pestiferous prisoner to file a frivolous motion), here the record clearly indicates Plaintiff's testicle, leg and side pain all stem from a lower back problem. (*See* Doc. 39-1, 12, 15–16, 17–18). Plaintiff filed timely grievances about his pain through the entire administrative process. Though he may not have specifically identified the *source* of that pain, it was Defendants' deliberate indifference[3] to the pain that Plaintiff grieved then, and that he sues for now. More attention to Plaintiff's pain would

---

[2] A prisoner with three strikes cannot proceed *in forma pauperis* in the district court unless he is "under imminent danger of serious physical injury." **28 U.S.C. § 1915(g);** *Fletcher v. Menard Corr. Ctr.*, **623 F.3d 1171, 1172 (7th Cir. 2010).**

[3] This Memorandum and Order should in no way be interpreted as taking any position on Plaintiff's underlying deliberate indifference claim.

(though he had no reason to know it[4]) necessarily have entailed more treatment for his back. In other words, when complaining about his testicular, abdominal and leg pain, Plaintiff was also grieving his underlying (not just "related to") back problem. The undersigned agrees with the Magistrate Judge: Defendants were alerted to the problems at the center of this lawsuit, they were invited to take corrective action, and Plaintiff adhered to the procedures established by the BOP. That is all the PLRA requires. *See Turley*, **729 F.3d at 649–50.**

It is Defendants' burden to show Plaintiff failed to exhaust his administrative remedies, and they have not carried that burden here. The rule Defendants advance—perfect congruence between the contents of an administrative grievance and a federal court complaint—is unsupported by precedent and would add a layer of formalism discordant with the PLRA's simpler purpose of inviting prison officials to take corrective action before a prisoner sues. Defendants' objections to Judge Williams' R&R will accordingly be overruled, and their exhaustion-based motion will be denied. Because Defendants' objection to Plaintiff's motion for leave to amend his complaint is premised on keeping Plaintiff's back-related claims out of the case, and because leave to amend must be granted freely, that objection is also overruled, and leave to amend will be granted.

## CONCLUSION

For the reasons articulated above, the Court **ADOPTS** (**Doc. 47**) Judge Williams' R&R in full, **DENIES** (**Doc. 37**) Defendants' motion for partial dismissal, and **GRANTS** (**Doc. 38**) Plaintiff's motion for leave to amend the Complaint. Once Plaintiff's Amended Complaint has been filed, the Clerk's Office is **DIRECTED** to prepare a waiver of summons for (newly-named) Defendant Leslee Duncan, and to mail Duncan the proper forms.

**IT IS SO ORDERED.**
DATE: <u>January 16, 2014</u>                    s/ *Michael J. Reagan*
                                                  **MICHAEL J. REAGAN**
                                                  United States District Judge

---

[4] Indeed, it appears Plaintiff was incredulous when Defendant Szoke (who in the same document identified possible back problems) assured Plaintiff his abdominal pain did not stem from his testicle pain. (Doc. 39-1, 15).